# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | CR. NO. H-15- **15 CR 3 0 1** |
| | § | |
| **YANNA GASSAWAY** | § | 15 CR 3 0 1 |
| *aka* **YANNA NORRIS** | § | |
| *aka* **CUMILLE GASSAWAY** | § | |
| *aka* **CUMILE NORRIS** | § | |

### INDICTMENT

**Sealed**
Public and unofficial staff access
to this instrument are
prohibited by court order.

**THE GRAND JURY CHARGES:**

### COUNT 1
### (WIRE FRAUD – 18 U.S.C. 1343)

## A. INTRODUCTION

1. The defendant is a Georgia resident.

2. Kenneth Wayne Davis is a resident of Humble, Texas and owner of Capricorn Energy Group.

3. Billy Ray Wilson is a resident of Missouri City, Texas and vice president of Wilson & Wilson Tax Services, Inc.

4. Attorney A is a lawyer in Atlanta, Georgia.

5. Elizabeth Jones is the daughter of the defendant and a resident of Atlanta, Georgia.

6. Erroll Myrick was a friend and associate of the defendant residing in the Atlanta, Georgia area.

**B.    THE SCHEME AND ARTIFICE**

7.      From on or about October 6, 2014 until on or about October 24, 2014, in the Houston Division of Southern District of Texas and elsewhere,

**YANNA GASSAWAY,
aka YANNA NORRIS,
aka CUMILLE GASSAWAY,
aka CUMILLE NORRIS,**

defendant herein, aided and abetted by others known and unknown to the grand jury, did knowingly devise and intend to devise a scheme and artifice to defraud, and for obtaining money by means of false and fraudulent pretenses, affecting Bank of America, a financial institution, and in the execution of said scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire communications in interstate or foreign commerce, writings, signs, signals, pictures, or sounds, as more fully set forth in the counts below.

**C.    MANNER AND MEANS OF THE SCHEME AND ARTIFICE**

It was part of the scheme to defraud that:

8.      The defendant resided in the Atlanta, Georgia area.   She used interstate wire communications (email) to solicit investors in the Southern District of Texas.

9.      The defendant promised exorbitant returns from investments in "prime bank" or "high yield investments".

10.     The defendant persuaded investors to wire transfer funds to her.

11.     The defendant received the fraudulently acquired funds and failed to use them for investment purposes as she represented.   The defendant used the some of the funds to purchase private residential property in Atlanta, Georgia in the name of Erroll Myrick.

12. On or about October 6, 2014, Kenneth Davis deposited a counterfeit check in the amount of $500,000 into his account at Bank of America in Humble, Texas.

13. On or about October 22, 2014, Kenneth Davis wire transferred $450,000 to Billy Wilson at Bank of America in Humble, Texas.

14. On or about October 23, 2014 Billy Wilson wire transferred $450,000 to Attorney A at Georgia Bank of Commerce in Atlanta, Georgia at the direction of the defendant.

15. On or about October 23, 2014, Attorney A wire transferred $25,000 to Elizabeth Jones' account at Wells Fargo Bank in Atlanta, Georgia at the direction of the defendant.

16. On or about October 23, 2014, Attorney A wire transferred $300,000 to the Trey Inman and Associates account at Sun Trust bank in Atlanta, Georgia at the direction of the defendant to close on a residential property that was purchased with the fraudulently acquired funds.

17. On or about October 24, 2014, Erroll Myrick received a $35,000 cashier's check when he closed on the residential property purchased with the fraudulently acquired funds.

**D.** **EXECUTION OF THE SCHEME AND ARTIFICE**

18. As a result of false representations and promises made by the defendant, the defendant, on or about October 23, 2014, through Attorney A, received a wire transfer in the amount of $450,000, sent from Bank of America in Humble, Texas to Georgia Commerce Bank in Atlanta, Georgia.

In violation of Title 18, United States Code, Sections 1343 and 2.

## NOTICE OF CRIMINAL FORFEITURE
### 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C)

Pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C), the United States gives notice to the defendant,

**YANNA GASSAWAY,**
**aka YANNA NORRIS,**
**aka CUMILLE GASSAWAY,**
**aka CUMILLE NORRIS,**

that in the event of her conviction of the criminal offense charged in this Indictment, the United States intends to seek forfeiture of all property, real or personal, which constitutes or is derived from proceeds traceable to the offense of conviction.

### Money Judgment

Defendant is notified that upon conviction of the criminal offense charged in this Indictment, a money judgment may be imposed equal to the total value of the property subject to forfeiture, which amount is at least $500,000.00.

### Property Subject to Forfeiture

Defendant is notified that the property subject to forfeiture includes, but is not limited to, the following property:

(1) $25,000 transferred to Elizabeth Jones on or about October 23, 2014;

(2) $32,966.80 transferred to Erroll B. Myrick on or about October 24, 2014;

(3) real property located at 4333 Sublime Trail, Atlanta, Georgia, together with all improvements, buildings, structures and appurtenances, with a legal description of:

> All that tract or parcel of land lying and being in Land Lot 162 of the 9F District, Fulton County, Georgia, being Lot 219, Pittman Park Subdivision, Phase II, as per plat recorded in Plat Book 325, Pages 93-104 and revised plat recorded in Plat Book 326, Pages 3-14, Fulton County, Georgia Records, which plats are incorporated herein by reference and made a part of this description.

The record owner of the Defendant Property is Erroll B. Myrick.

**Substitute Assets**

Defendant is notified that in the event that property subject to forfeiture, as a result of any act or omission of defendant,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the total value of such property, pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 28, United States Code, Section 2461(c).

TRUE BILL:

Original Signature on File

FOREPERSON OF THE GRAND JURY

KENNETH MAGIDSON
United States Attorney

By: _____
JAY HILEMAN
Assistant United States Attorney