IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CR. No. H-15-0301 |
| | § | |
| YANNA GASSAWAY | § | |

## MOTION TO DISMISS COUNT ONE OF THE INDICTMENT FOR FAILURE TO STATE AN OFFENSE

TO THE HONORABLE KEITH ELLISON, JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:

COMES NOW pro se, Defendant YANNA GASSAWAY and moves to dismiss Count One of the indictment, pursuant to the Fifth Amendment to the United States Constitution and Federal Rule of Criminal Procedure 12(b)(2), on the ground that the count fails to charge an offense against the United States. In support of her Motion, YANNA GASSAWAY respectfully shows this Court the following facts and circumstances:

I

YANNA GASSAWAY is charged by indictment with knowingly devising and intending to devise a scheme and artifice to defraud, and for obtaining money by means of false and fraudulent pretenses, affecting Bank of America, a financial institution, and in the execution of said scheme and artifice, did knowingly and cause to be transmitted by means of wire communications in interstate or foreign commerce, writing, signs, signals, picture, or sounds. YANNA GASSAWAY moves to dismiss Count One of the indictment

because it fails to state an offense against the United States.

II

YANNA GASSAWAY is charged in Count One with wire fraud in violation of 18 U.S.C. § 1343. The essential elements of the wire fraud offense include the following: (1) Defendant knowingly devised or knowingly participated in a scheme or artifice to defraud ; (2) the scheme or artifice to defraud were material, that is, would reasonably influence a person to part with money or property; (3) the defendant did so with intent to defraud; and (4) the Defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

III

The Court is bound by the four corners of the indictment. United States v. Lien, 982 F. Supp. 2d 1184, 1186 (E.D. Wash. 2013). The court must accept the allegations in the indictment as true in determining whether a cognizable offense has been charged. *Id.*

Wire fraud in violation of 18 U.S.C. § 1343. The essential elements of the wire fraud offense include the following: (1) Defendant knowingly devised or knowingly participated in a scheme or artifice to defraud ; (2) the scheme or artifice to defraud were material, that is, would reasonably influence a person to part with money or property; (3) the defendant did so with intent to defraud; and (4) the Defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate

including false and fraudulent pretenses and misrepresentations, intended to deceive others in order to obtain something of value." United States v. Lien, 982 F. Supp. 2d 1184, 1186 (E.D. Wash. 2013). In the Indictment, the Government fails to show the scheme in which the Defendant required, planned, patterned, or made misrepresentations to receive a counterfeit check from Kenneth Davis. The Indictment lacks the plan, in order to meet a scheme requirement. The Government presented an indictment which states, the Defendant, a result of the false representation, caused a wire to be sent. The Government provides insufficient facts to allege to any representation made by the Defendant, and that any of the said representations were false. Where an indictment fails to provide sufficient evidence that the actions made by the Defendant were fraudulent, the Government failed to allege the violation, therefore a motion to dismiss was granted. United States v. Lien, 982 F. Supp. 2d 1184, 1188 (E.D. Wash. 2013)

  The Government also fails to present information or facts on the relationship of the said false representation to the act of Kenneth Davis to deposit a counterfeit check. The Indictment states a Kenneth Davis was responsible for depositing a counterfeit check, but fails to show how the Defendant was responsible or related to Davis' act. In depositing a counterfeit check, the Government also fails to show the connection between the depositor of the counterfeit check, and the "solicited investment" which caused fraudulent funds to circulate via wire. Again, the Indictment fails to allege any facts that the Defendant committed the alleged offense of wire fraud.

  As a result of the Government's insufficient information on the "scheme to defraud" and its relation to the alleged offense, and by viewing the facts of the indictment as true,

bound by its four corners, the Government fails to state an offense.

### B. The Indictment Contains Vague Allegations, Which Do Not Relate To An Offense.

The Government alleges in Count One that YANNA GASSAWAY, "solicited investors" and "promised exorbitant returns from investors in 'prime bank' or 'high yield investments'. The indictment goes on to say that the Defendant "persuaded investors to wire transfer funds to her". Indictment 8-10. In lines 9-11, the Government alleges that the Defendant both "received the fraudulent acquired funds and failed to use them for investment purposes as she represented." Indictment 11.

The Government fails to elaborate on the scheme required in order to prevail on an offense of wire fraud. Even if the allegations of soliciting an investor to invest in prime bank or high yield investments, promising exorbitant returns, the Government does not show that (1) this is a scheme to defraud, (2) if the Defendant to ask the investors to fund their "investment" with counterfeit checks, and (3) that the originator of the counterfeit check was an investor, solicited by the Defendant. Even if accepting these allegations to be true, a reasonable person would be unable to determine if the damage cause by the counterfeit check was the result of a scheme acted out by the Defendant. Andrews v. Am. Nat. Red Cross, Inc., 176 F. Supp. 2d 673, 691 (W.D. Tex. 2001), aff'd sub nom. Andrews v. Am. Red Cross, 44 F. App'x 651 (5th Cir. 2002).

The Government fails to provide details of the scheme. The Government alleges that the Defendant "solicits investors". Indictment 8. The Government fails to provide information on the type of investor the Defendant "so-called" solicited, as well as if the

originator of the counterfeit check was an investor sought by the Defendant. The Government's indictment in **unconstitutionally vague**, in violation of the Defendant's 5th Amendment due process clause if it "fails to give ordinary people fair notice of the conduct or is so standardless that it invites arbitrary enforcement. Andrews v. Am. Nat. Red Cross, Inc., 176 F. Supp. 2d 673, 691 (W.D. Tex. 2001), aff'd sub nom. Andrews v. Am. Red Cross, 44 F. App'x 651 (5th Cir. 2002). The Government may not allege solicitation of investors and then hold the Defendant responsible for the wrongdoing of such alleged solicited investor. On its face, the indictment is flawed, in that it fails to clearly state an offense caused by the Defendant's wrongdoing in the form of a scheme to defraud.

Where a defendant challenges the sufficiency of an indictment for failure to state an offense, a court generally is bound by the factual allegations contained within the four corners of the indictment. United States v. Welch, 327 F.3d 1081, 1090 (10th Cir. 2003).

## PRAYER

WHEREFORE, premises considered, Defendant respectfully requests that this Honorable Court dismiss count one of the indictment, with prejudice, on the ground that it fails to state an offense against the United States.

Respectfully submitted.

Pro Se

YANNA GASSAWAY

Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA

v.  Cr. No. H-15-0301

YANNA GASSAWAY

## ORDER

This matter having come before the Court on Pro Se Defendant's Motion to Dismiss for failure to state offense, and the Court having considered the matter, it is hereby ORDERED THAT Defendant's Motion to Dismissed is GRANED and this action is hereby DISMISSED with prejudice.

SO ORDERED.

SIGNED at Houston, Texas, on the ____ day of _____ 2017.

Date: _____    _____

UNITED STATES DISTRICT JUDGE

United States Courts
Southern District of Texas
FILED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JUN 0 2 2015

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CR. NO. H-15- **15 CR 3 0 1** |
| YANNA GASSAWAY | § | |
| aka YANNA NORRIS | § | |
| aka CUMILLE GASSAWAY | § | |
| aka CUMILE NORRIS | § | |

**INDICTMENT**

**Sealed**
Public and unofficial staff access to this instrument are prohibited by court order.

THE GRAND JURY CHARGES:

**COUNT 1**
**(WIRE FRAUD – 18 U.S.C. 1343)**

## A. INTRODUCTION

1. The defendant is a Georgia resident.

2. Kenneth Wayne Davis is a resident of Humble, Texas and owner of Capricorn Energy Group.

3. Billy Ray Wilson is a resident of Missouri City, Texas and vice president of Wilson & Wilson Tax Services, Inc.

4. Attorney A is a lawyer in Atlanta, Georgia.

5. Elizabeth Jones is the daughter of the defendant and a resident of Atlanta, Georgia.

6. Erroll Myrick was a friend and associate of the defendant residing in the Atlanta, Georgia area.

1

## B. THE SCHEME AND ARTIFICE

7. From on or about October 6, 2014 until on or about October 24, 2014, in the Houston Division of Southern District of Texas and elsewhere,

**YANNA GASSAWAY,
aka YANNA NORRIS,
aka CUMILLE GASSAWAY,
aka CUMILLE NORRIS,**

defendant herein, aided and abetted by others known and unknown to the grand jury, did knowingly devise and intend to devise a scheme and artifice to defraud, and for obtaining money by means of false and fraudulent pretenses, affecting Bank of America, a financial institution, and in the execution of said scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire communications in interstate or foreign commerce, writings, signs, signals, pictures, or sounds, as more fully set forth in the counts below.

## C. MANNER AND MEANS OF THE SCHEME AND ARTIFICE

It was part of the scheme to defraud that:

8. The defendant resided in the Atlanta, Georgia area. She used interstate wire communications (email) to solicit investors in the Southern District of Texas.

9. The defendant promised exorbitant returns from investments in "prime bank" or "high yield investments".

10. The defendant persuaded investors to wire transfer funds to her.

11. The defendant received the fraudulently acquired funds and failed to use them for investment purposes as she represented. The defendant used the some of the funds to purchase private residential property in Atlanta, Georgia in the name of Erroll Myrick.

2

commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

## ARGUMENT

### A. The Indictment Fails To Show That There Was A Fraudulent Scheme That The Defendant Participated In

YANNA GASSAWAY is charged with one count of wire fraud. The Government alleges in Count One that YANNA GASSAWAY, "solicited investors" and "promised exorbitant returns from investors in 'prime bank' or 'high yield investments'. The indictment goes on to say that the Defendant "persuaded investors to wire transfer funds to her". Indictment 8-10. In lines 9-11, the Government alleges that the Defendant both "received the fraudulent acquired funds and failed to use them for investment purposes as she represented." Indictment 11. A counterfeit check was drawn out by "Kenneth Davis" and was wired to another Bank of America customer account, then to Attorney A's account, then transferred to Trey Inman and Associates to purchase a residential property. "As a result of making false representations and promises made by the Defendant, an Attorney A received a wire transfer in the amount of $450,000, sent from Bank of America in Humble, Texas". Indictment 18.

The Government fails to state an offense of wire fraud as to the elements. The Government fails to present a "scheme to defraud" which is required in order to prevail. The scheme to defraud must be a fraudulent "plan, artifice, pattern, or cause of action,

12. On or about October 6, 2014, Kenneth Davis deposited a counterfeit check in the amount of $500,000 into his account at Bank of America in Humble, Texas.

13. On or about October 22, 2014, Kenneth Davis wire transferred $450,000 to Billy Wilson at Bank of America in Humble, Texas.

14. On or about October 23, 2014 Billy Wilson wire transferred $450,000 to Attorney A at Georgia Bank of Commerce in Atlanta, Georgia at the direction of the defendant.

15. On or about October 23, 2014, Attorney A wire transferred $25,000 to Elizabeth Jones' account at Wells Fargo Bank in Atlanta, Georgia at the direction of the defendant.

16. On or about October 23, 2014, Attorney A wire transferred $300,000 to the Trey Inman and Associates account at Sun Trust bank in Atlanta, Georgia at the direction of the defendant to close on a residential property that was purchased with the fraudulently acquired funds.

17. On or about October 24, 2014, Erroll Myrick received a $35,000 cashier's check when he closed on the residential property purchased with the fraudulently acquired funds.

## D. **EXECUTION OF THE SCHEME AND ARTIFICE**

18. As a result of false representations and promises made by the defendant, the defendant, on or about October 23, 2014, through Attorney A, received a wire transfer in the amount of $450,000, sent from Bank of America in Humble, Texas to Georgia Commerce Bank in Atlanta, Georgia.

In violation of Title 18, United States Code, Sections 1343 and 2.

## NOTICE OF CRIMINAL FORFEITURE
28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C)

Pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C), the United States gives notice to the defendant,

**YANNA GASSAWAY,
aka YANNA NORRIS,
aka CUMILLE GASSAWAY,
aka CUMILLE NORRIS,**

that in the event of her conviction of the criminal offense charged in this Indictment, the United States intends to seek forfeiture of all property, real or personal, which constitutes or is derived from proceeds traceable to the offense of conviction.

### Money Judgment

Defendant is notified that upon conviction of the criminal offense charged in this Indictment, a money judgment may be imposed equal to the total value of the property subject to forfeiture, which amount is at least $500,000.00.

### Property Subject to Forfeiture

Defendant is notified that the property subject to forfeiture includes, but is not limited to, the following property:

(1) $25,000 transferred to Elizabeth Jones on or about October 23, 2014;

(2) $32,966.80 transferred to Erroll B. Myrick on or about October 24, 2014;

(3) real property located at 4333 Sublime Trail, Atlanta, Georgia, together with all improvements, buildings, structures and appurtenances, with a legal description of:

> All that tract or parcel of land lying and being in Land Lot 162 of the 9F District, Fulton County, Georgia, being Lot 219, Pittman Park Subdivision, Phase II, as per plat recorded in Plat Book 325, Pages 93-104 and revised plat recorded in Plat Book 326, Pages 3-14, Fulton County, Georgia Records, which plats are incorporated herein by reference and made a part of this description.

4

The record owner of the Defendant Property is Erroll B. Myrick.

### Substitute Assets

Defendant is notified that in the event that property subject to forfeiture, as a result of any act or omission of defendant,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the total value of such property, pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 28, United States Code, Section 2461(c).

TRUE BILL:

Original Signature on File

FOREPERSON OF THE GRAND JURY

KENNETH MAGIDSON
United States Attorney

By: _____
JAY HILEMAN
Assistant United States Attorney

5